

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

DAMON N. VOCKE
DIRECT DIAL: +1 212 692 1059
PERSONAL FAX: +1 312 277 2375
*E-MAIL:* DNVocke@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

June 21, 2021

**VIA EMAIL & ECF**

Edward Toptani, Esq.
375 Pearl Street, Suite 1410
New York, NY 10038
edward@toptanilaw.com

   Re:  Grossman v. GEICO:  Case No. 1:21-cv-02799

Counsel:

  On behalf of GEICO, and pursuant to Rule II.B of Judge Marrero's Individual Practices, I am outlining the defects that warrant dismissal of Plaintiffs' Complaint unless rectified.

**Filed-Rate Doctrine**

  The Complaint seeks disgorgement of allegedly "excessive premiums."  Such claims are barred by the filed-rate doctrine, and preempted by the rate-making statutes and regulations of the New York Department of Financial Services ("NYDFS").  *Wegoland, Ltd. v. NYNEX Corp.*, 27 F.3d 17 (2d Cir. 1994) (upholding dismissal of class claims by ratepayers alleging that regulated entities gave their regulatory agencies and consumers misleading financial information to support allegedly inflated rates).  "Simply stated, the doctrine holds that any 'filed rate' – that is, one approved by the governing regulatory agency – is per se reasonable and unassailable in judicial proceedings brought by ratepayers."  *Id.* at 18.  *See also Rothstein v. Balboa Ins. Co.*, 794 F.3d 256, 263 (2d Cir. 2015) (on the basis of the filed-rate doctrine, dismissing claims for allegedly fraudulent overbilling).

  New York's rate-making regulations for insurance are extensive, and lay out an administrative process for assessing and confirming that rates are not unfairly discriminatory, excessive, or adequate.  They also address "excessive profits."  NYDFS approved the rates at issue, as seen in a publicly available regulatory filing (SERFF Tracking # GECC-132331667) of which the Court may take judicial notice.  A policyholder has no right to supersede the regulatory authority of the NYDFS by seeking to enlist the Court and a jury to render their own determinations

DUANE MORRIS LLP

1540 BROADWAY  NEW YORK, NY 10036-4086       PHONE: +1 212 692 1000  FAX: +1 212 692 1020

Edward Toptani, Esq.  
June 21, 2021  
Page 2



on the reasonability of rates. *Rothstein*, 794 F.3d at 266 ("judicial endorsement of Plaintiffs' claims would displace and distort the regulatory process [for insurance]").

The filed-rate doctrine applies to the Complaint's challenge to approved rates regardless of how the claims are styled. *See, e.g., Roussin v. AARP, Inc.*, 664 F. Supp. 2d 412 (S.D.N.Y. 2009) (Judge Marrero) (dismissing breach of fiduciary claim on the basis of the filed-rate doctrine) ("New York courts have routinely applied the filed rate doctrine to bar plaintiffs' claims seeking the recovery of insurance premiums that have been approved by the NYSDI."); *Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450 (E.D.N.Y. 2012) (on the basis of the filed-rate doctrine, dismissing a policyholder's deceptive trade practice claim under the New York General Business Law) ("the [filed-rate] doctrine is relevant because it establishes, as a matter of law, that the value of the coverage Servedio obtained – an expanded definition of 'eligible injured person' – was precisely equal to the premium he paid"), *aff'd*, 531 F. App'x 110 (2d Cir. 2013).

### Breach of contract claim

The insurance policy imposes no duty upon GEICO to refund premium (putting aside a *pro rata* refund when a policy is cancelled, which is not at issue in the Complaint). The "Changes" section of the policy recited in the Complaint imposes a duty upon the policyholder to update his information in his file (the policyholders' address, his vehicle make, the number of drivers), in which case GEICO would have the right to revise the premium going forward. No such updates are alleged. In any event, GEICO's right to adjust premium based on a policyholder's updated information is discretionary, not mandatory.

The implied covenant of good faith and fair dealing does not change the terms of the insurance policy. While "implied in every contract," the covenant of good faith and fair dealing "does not create any new contractual rights." *Village on Canon v. Bankers Trust Co.*, 920 F. Supp. 520, 534 (S.D.N.Y. 1996). *See also Wolff v. Rare Medium, Inc.*, 210 F.Supp.2d 490, 497 (S.D.N.Y. 2002) (Judge Marrero) ("the obligation of good faith does not create obligations that go beyond those intended and stated in the language of the contract"). "[B]reach of that duty is merely a breach of the underlying contract." *Atlantis Info. Tech. v. CA, Inc.*, 485 F. Supp. 2d 224, 230 (E.D.N.Y. 2007) (internal citation omitted). Where, as here, the breach of contract claim fails, so must the allegation of a breach of the implied covenant of good faith. *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 452 (S.D.N.Y. 2014) ("Plaintiffs' implied covenant claim cannot be sustained because it is based on the same facts as those underlying the contract claim.").

### Unjust enrichment claim

Where there is a contract between the parties, there can be no claim for unjust enrichment claim under New York law. *Digizip.com, Inc. v. Verizon Services Corp.*, 139 F. Supp. 3d 670, 682-83 (S.D.N.Y. 2015). Alternative pleading of contract and unjust enrichment claims properly exists only where there is doubt or denial of an express contract between the parties. *Id*. Here, the

Edward Toptani, Esq.
June 21, 2021
Page 3



Complaint does not allege that the insurance policy is unenforceable or even in doubt. To the contrary, the Complaint repeatedly invokes, and relies upon, the terms of the insurance policy.

### New York General Business Law claim

"[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (affirming Rule 12(b)(6) dismissal). "The entire mosaic" is "viewed rather than each tile separately." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007) (citation omitted). *See also Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701, 705–06 (2d Cir. 2020) (affirming dismissal of a consumer class action that alleged the word "Natural" in a beverage product name was misleading because elsewhere on the product's label the defendant disclosed that a decidedly unnatural chemical might be found within the product).

"[T]he applicable legal standard is whether a reasonable consumer, not the least sophisticated consumer, would be misled by Defendants' actions." *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011). Here, GEICO's website makes plain that it was offering a 15% premium credit for six months upon renewal to current policyholders. A reasonable policyholder would have understood the 15% advertising. Even if Plaintiffs' unreasonable spin is placed on the phrase "passing these savings on," it would be non-actionable as puffery, and the surrounding context makes clear that the prospective premium credit was exactly 15%.

GEICO had no duty to discuss other insurers' refund programs, and affirmatively advertised nothing about their programs. Plaintiffs also fail to allege materiality in that they could have shopped around for a different insurance policy if they had wanted to do so.

Plaintiffs also cannot allege injury caused by the Giveback Program. Plaintiffs were not harmed or damaged through the 15% premium credit. It was a voluntary giveback. It violated no statute or law. Plaintiffs do not allege how they were, or even could have been, prevented from shopping for a better rate. They do not allege awareness of the content of GEICO's website.

Unless Plaintiffs can remedy the foregoing defects, GEICO intends to ask Judge Marrero for a pre-motion conference in advance of a motion to dismiss.

Respectfully,

/s/ Damon N. Vocke

Damon N. Vocke

cc:   The Hon. Victor Marrero
      Eric M. Poulin, Esq.