```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TODD GROSSMAN and MUJO PEREZIC,     :
                                    :
                  Plaintiffs,       :
                                    :       21 Civ. 2799 (VM)
      - against -                   :
                                    :
GEICO CASUALTY CO., et al.,         :
                                    :       DECISION AND ORDER
                                    :
                  Defendants.       :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Todd Grossman and Mujo Perezic (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Geico Casualty Co., Geico Indemnity Co., and Geico General Insurance, Co. (collectively, "Geico"), alleging breach of contract, unjust enrichment, and violations of New York General Business Law ("NY GBL") §§ 349 and 350 stemming from Geico's alleged unfair profiting as a result of the COVID-19 pandemic. (See "Complaint," Dkt No. 1.)

On September 13, 2021 the Court granted Geico's letter-motion to dismiss the complaint largely on the basis of the filed-rate doctrine. (See "Order," Dkt. No. 24.) Now before the Court is Plaintiffs' motion for reconsideration of the Order. (See "Motion," Dkt. No. 28.) The Motion is hereby DENIED.

I. **BACKGROUND**

1

The Court assumes familiarity with the factual and procedural background of this matter as laid out in the original Order and Complaint. (See Order at 2-3.) As a brief overview, Plaintiffs -- Geico auto-insurance policy holders -- allege that in response to the COVID-19 pandemic, and due to the associated stay-at-home orders instituted in New York and other states, the number of miles driven by the general public decreased dramatically after mid-March 2020. As a result of the decrease in the number of miles driven, automobile accidents decreased dramatically. Plaintiffs allege that due to this dramatic decrease in automobile accidents, the premiums charged by auto-insurance companies over this period were "unconscionably excessive." ("Complaint," Dkt. No. 1, ¶ 23.)

Plaintiffs allege that Geico was aware of the excessive premiums it charged and, as a result, announced the "Geico Giveback" program. In its promotional materials, Geico acknowledged its increased savings in costs and expenses and advertised that it was "passing these savings" on to the consumers. (See Complaint ¶ 30.) To do so, the Geico Giveback program offered a 15% credit to new customers and existing customers who renewed their policies during the applicable time period. The rate charged by Geico, when factoring in the 15% credit, was approved by the New York Department of

Financial Services ("NYDFS"), as are all insurance rates under New York law. (See Dkt. No. 23-3.) Nonetheless, Plaintiffs argue that the Geico Giveback program is inadequate to compensate consumers for the excessive premiums charged.

On April 1, 2021, Plaintiffs filed the present suit against Geico, bringing claims of breach of contract, unjust enrichment, and violations of NY GBL §§ 349 and 350. (See Complaint.) On July 12, 2021, Defendants moved the Court for a premotion conference to obtain guidance on its anticipated motion to dismiss, which the Court now treated as a motion to dismiss under Rule 12(b)(6). (See Dkt No. 23.) On September 13, 2021, the Court granted the motion to dismiss. (See Order.)

A.  THE PARTIES' ARGUMENTS

Plaintiffs argue that the Court erred in its Order by (1) applying the filed-rate doctrine to this action in error and (2) misinterpreting the basis for their claims under New York General Business Law ("NY GBL") §§ 349 and 350.

II.  **LEGAL STANDARD**

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a

motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (2d ed.)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

### III.   DISCUSSION

After reviewing Plaintiffs' Motion, the Court is not persuaded reconsideration is warranted, and therefore DENIES the Motion.

A.   FILED-RATE DOCTRINE

Plaintiffs argue the Court erred in applying the filed-rate doctrine to dismiss their claims. But in doing so,

4

Plaintiffs point to no "intervening change in controlling law" nor do they explain how the Court committed a "clear error." Virgin Atl. Airways, 659 F.2d at 1255. Instead, the Motion seeks to relitigate a legal issue that the Court already decided in Geico's favor. While Plaintiffs may not agree with the result, this is not a basis for reconsideration. Shrader, 70 F.3d at 257.

Nonetheless, even if the Court were to decline to apply the filed-rate doctrine, it would still dismiss Plaintiffs' claims. Plaintiffs argue Geico breached the parties' contract by not returning the "substantial windfall" retained by Geico due to the COVID-19 pandemic. (Motion at 5.) But Plaintiffs admit explicitly that Geico "had discretion to" adjust premiums during the policy. (Id.) Nowhere in Plaintiffs' allegations is a requirement to do so. (Id.) In other words, Plaintiffs have not identified a contractual term that Geico has plausibly breached. See, e.g., Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015) (noting "failure of defendant to perform" is a basic element of a breach of contract claim). Thus, even if the filed-rate doctrine were not to apply the result would have been the same; the Court would have granted Geico's motion to dismiss the breach of contract an unjust enrichment claims.

B.   NY GBL Sections 349 and 350

The Court addressed Plaintiffs' NY GBL Sections 349 and 350 claims outside the context of the filed-rate doctrine in its original Order. (See Order at 9-10.) Nonetheless, Plaintiffs argue that the Court "misinterpreted" their arguments with respect to those claims. In the Order, the Court noted that Geico's advertisements offered a 15% reduction in premiums for consumers that were renewing certain policies. That 15% reduced rate is exactly what Plaintiffs alleged Geico charged. Plaintiffs do not dispute this point, and with good reason -- it is difficult to imagine what is misleading about this fact.

Instead, Plaintiffs respond that the misleading portion of the advertisement was that Geico represented it was "pass[ing] these savings" -- or the savings realized by the pandemic -- on to the consumer. (Motion at 7.) Under Plaintiffs' argument, Geico was apparently required to pass an almost exact accounting of the savings realized back to consumer in the form of premium reductions. But, as the Court already held:

> The fact that this 15% premium reduction did not match the amount saved by Geico due to the dramatic decrease in driving caused by the COVID-19 pandemic, or that it was not applied across the board to all consumers who had an existing policy with GEICO, does not render the advertising misleading. Plaintiffs were fully aware of the charged rate, that rate was approved by NYDFS, and Plaintiffs were free to accept Geico's offer or seek an alternative provider in the insurance marketplace.

6

> Therefore, Plaintiffs have no claim under NY GBL Sections 349 and 350.

(Order at 10.) In other words, the entire advertisement made clear the rate Geico was charging, and thus no reasonable consumer would interpret "pass these savings" as a promise to discount premiums by the exact amount Geico saved due to the pandemic. Again, Plaintiffs provide no compelling argument why this conclusion was in error. Accordingly, reconsideration is denied as to the NY GBL Section 349 and 350 claims.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by plaintiffs Todd Grossman and Mujo Perezic (see Dkt. No. 27) for reconsideration of the Court's September 13, 2021 order (Dkt. No. 24) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
      08 October 2021

                                         Victor Marrero
                                            U.S.D.J.